UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HUMBERTO BARILLAS,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES S. HILL,<br><br>    Defendant. | Case No. 22-cv-02957-SVK<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

## DISCUSSION

A.   Background

On June 19, 2017, the Superior Court of California for the County of Santa Clara sentenced petitioner to a term of 80 years in state prison for violating California Penal Code §§ 288.5 and 288(b)(1). (ECF No. 1 at 1-2.)

On direct appeal, the California Court of Appeal affirmed the judgment on July 18, 2019. (*Id.* at 3.) The California Supreme Court denied petitioner's request for direct review on December 7, 2020. (*Id.*) Petitioner subsequently filed a state habeas petition in the Sixth District Court of Appeal for the State of California, which was denied on January 25, 2021. (*Id.* at 4.) Petitioner filed the instant federal habeas action no earlier than May 3, 2022. (*Id.* at 6.)

B.   Standard of review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C. Petitioner's claims

The Petition makes the following three claims:

(1) the trial court erred in admitting expert testimony regarding child molestation;

(2) the trial court erred in admitting additional evidence regarding child molestation; and

(3) the trial court erred in excluding defense expert testimony.

The improper admission or exclusion of evidence may violate a defendant's due process right to a fair trial and/or her Sixth Amendment right to present a defense. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991); *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006). When liberally construed, the three claims in the Petition present cognizable claims for the violation of petitioner's federal constitutional rights and for federal habeas relief. Accordingly, respondent is ordered to respond to the Petition.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order and a magistrate judge consent form upon the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **September 15, 2022**.

2. Respondent shall file with the Court and serve on petitioner, on or before **November 15, 2022**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the

petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on respondent on or before **December 15, 2022**.

3. Respondent may, on or before **November 15, 2022**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition on or before **December 15, 2022,** and respondent shall file with the Court and serve on petitioner a reply on or before **December 29, 2022**.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 15, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge