UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HUMBERTO BARILLAS,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MERCHANT, Acting Warden,[1]<br><br>    Respondent. | Case No. 22-cv-02957-AMO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER REGARDING MIXED PETITION**<br><br>Re: Dkt. No. 13 |

Petitioner Jose Humberto Barillas, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction of multiple crimes for sexually abusing a child.

On June 19, 2017, the Santa Clara County Superior Court sentenced Barillas to a term of 80 years in state prison for violating California Penal Code §§ 288.5 and 288(b)(1). Dkt. 1 at 1-2.[2] On direct appeal, the California Court of Appeal affirmed the judgment on December 17, 2020.[3] *People v. Barillas*, No. H045024, 2020 WL 7395996, *4 (Cal. Ct. App. Dec. 17, 2020*)*. On March 10, 2021, the California Supreme Court denied Barillas's petition for review. Dkt. 1, Ex.

---

[1] John Merchant, the current acting warden of the prison where Barillas is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[3] The Court notes that this action contains documents with inconsistent dates, but these dates have been changed in this order to reflect the correct dates of each state court decision. *Compare* Dkt. 1 *with* Dkt. 9. For example, in his petition, Barillas incorrectly lists "7/18/19" as the date his judgment was affirmed on direct appeal, but July 18, 2019, is the date his appellate counsel submitted the opening brief. *See* Dkt. 1, Ex. C at 63. Barillas also incorrectly lists the date of the state supreme court's denial of his petition for review as "12/7/20," but the correct date of that denial is March 10, 2021. *See* Dkt. 1, Ex. B.

B. It does not seem that Barillas pursued collateral review in state court.[4]

On May 16, 2022, Barillas filed the instant federal habeas action. Dkt. 1. He also consented to magistrate judge jurisdiction. Dkt. 6.

On August 15, 2022, Magistrate Judge Susan van Keulen issued an Order to Show Cause directing Respondent to answer the instant petition.[5] Dkt. 9.

Thereafter, Respondent declined magistrate judge jurisdiction. Dkt. 10. Respondent also filed a motion to dismiss the petition on the ground that it is a mixed petition containing both exhausted and unexhausted claims. Dkt. 13.

This matter was then reassigned to the Honorable William H. Orrick. Dkt. 12. Judge Orrick denied Barillas's motion for leave to proceed *in forma pauperis* and directed him to pay the full $5.00 filing fee by January 23, 2023. Dkt. 14. However, the record shows that Barillas did not pay the full filing fee by the January 23, 2023 deadline.

On January 31, 2023, Judge Orrick dismissed this action (without prejudice) for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 15 at 1. Judge Orrick noted that Barillas could move to reopen, but that "[a]ny such motion must have the words MOTION TO REOPEN written on the first page, and contain full payment for the $5.00 filing fee." *Id.* Judge Orrick also denied Respondent's pending motion to dismiss without prejudice. *Id.* On February 28, 2023, Barillas paid the full filing fee. Dkt. 18. On March 1, 2023, Barillas filed a motion to reopen. Dkt. 17. On March 7, 2023, Judge Orrick granted Barillas's motion to reopen and directed the Clerk of the Court to reopen this action as well as to vacate the judgment and the

---

[4] In his petition, Barillas answers "NO" when asked "[o]ther than appeals," if he "previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal." Dkt. 1 at 3. However, Barillas incorrectly fills out page 4 of the petition with information from his direct appeal and petition for review, but it should have only been completed if he "sought relief in any proceeding *other than* an appeal." *Id.* at 4 (emphasis added). The California Supreme Court's official website does not show that Barillas pursued collateral review in state court.

[5] The Court notes that because Barillas incorrectly filled out page 4 of his petition, *see supra* fn. 4, Judge van Keulen indicated in her August 15, 2022 Order that Barillas had "subsequently filed a state habeas petition in the Sixth District Court of Appeal for the State of California, which was denied on January 25, 2021." Dkt. 9 at 1 (citing Dkt. 1 at 4). As mentioned above, the Court has confirmed that Barillas did *not* pursue collateral review in state court. (The Court further points out that January 25, 2021 is the date Barilla's appellate counsel filed the petition for review. *See* Dkt. 1, Ex. A at 27.)

order of dismissal. Dkt. 19 at 1. Judge Orrick also reinstated Respondent's motion to dismiss. *Id.* Thereafter, this action was reassigned to the undersigned judge. Dkt. 21.

Before the Court is Respondent's motion to dismiss the petition on grounds of non-exhaustion. Dkt. 13. Barillas has not filed an opposition to the motion. For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss and directs Barillas to choose from one of the choices outlined below.

**DISCUSSION**

Respondent moves to dismiss the petition on the ground it is a mixed petition because Barillas did not fairly present to the California Supreme Court all the claims raised in his federal habeas petition.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). A petitioner may exhaust such remedies either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *Id.* The petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

If the petition combines exhausted and unexhausted claims, then the United States Supreme Court, in *Rose v. Lundy*, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the district court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions. One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted. 28 U.S.C. § 2254(b)(2). The other is that, rather than dismiss, the district court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues.

3

1   *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

2   As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

The record shows that on direct appeal, Barillas raised the following claims in the California Court of Appeal: (1) the trial court erred by admitting expert testimony on Child Sexual Abuse Accommodation Syndrome ("CSAAS"),[6] specifically as to: (a) the entire testimony on CSAAS, generally, and (b) the expert's testimony that false allegations of abuse are statistically infrequent; and (2) defense counsel was ineffective for not objecting to certain aspects of that testimony.[7] *See Barillas*, 2020 WL 7395996, *1. On December 17, 2020, the state appellate court rejected these claims and affirmed the judgment. *Id.* at *4.

Thereafter, Barillas filed a petition for review in the California Supreme Court. Dkt. 1, Ex. A. In that petition, Barillas raised the following claims: (1) the California Supreme Court should reexamine whether expert testimony on CSAAS should be admissible; (2) the trial court should have excluded expert testimony on CSAAS because it was irrelevant, not probative, unduly prejudicial, and violated his right to due process; and (3) expert testimony on the frequency of false allegations of child sexual abuse was inadmissible and prejudicial, and trial counsel was ineffective by failing to object to it. *Id.* at 2, 6, 8-27. On January 25, 2021, the state supreme

---

[6] The prosecution called an expert witness, psychologist Anthony Urquiza, to testify about CSAAS, which is "a method of educating therapists about the dynamics of child sexual abuse and the way abused children may act." *See Barillas*, 2020 WL 7395996, *1.

[7] On direct appeal, Barillas also argued that "there [was] insufficient evidence of bodily fluid transfer to support the trial court's order that he submit to AIDS testing." *See Barillas*, 2020 WL 7395996, *1. The state appellate court accepted the Attorney General's concession on that point and "remand[ed] the case for the sole purpose of determining whether there is a proper basis to order AIDS testing." *Id.* The Court need not address this claim because Barillas did further pursue it in his federal habeas action. *See* Dkt. 1.

court denied the petition for review. Dkt. 1, Ex. B.

On May 16, 2022, Barillas filed the instant federal petition, alleging the aforementioned claims he raised in his petition for review as to the admissibility of testimony on CSAAS: (1) the trial court violated his right to due process by allowing expert testimony on CSAAS because it was unduly prejudicial ("Claim 1"); and (2) expert testimony on the frequency of false allegations of child sexual abuse was inadmissible and prejudicial, and trial counsel was ineffective by failing to object to it ("Claim 2").[8] Dkt. 1 at 5, 10-11. Barillas also raised a third claim that the trial court "excluded defense expert 'TESTIMONY' that the alleged victim did not exhibit certain 'us[u]al' behavior" ("Claim 3"). Dkt. 1 at 5. However, as mentioned above, he only raised the first *two* claims in the California Supreme Court. *See* Dkt. 1, Ex. A at 2, 6, 8-27. Claim 3 was *not* raised in the state's highest court; therefore, it is unexhausted. *See* 28 U.S.C. § 2254(b), (c). Accordingly, the Court finds Claim 3 is unexhausted because it was not considered on the merits by the California Supreme Court.

Having concluded that Barillas did not exhaust Claim 3 in the present federal petition, the Court GRANTS Respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide Barillas an opportunity to amend the mixed petition by striking his unexhausted Claim 3 as an alternative to suffering dismissal. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines*, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Barillas returns to state court to exhaust his unexhausted Claim 3. *See Rhines*, 544 U.S. at 277. Accordingly, Barillas may choose either to amend his petition and proceed only with his two exhausted claims, or request a stay of the petition while he exhausts his remaining unexhausted Claim 3 in state court. A stay will not be granted, however, unless Barillas can show there was good cause for his failure to exhaust Claim 3 in state court and

---

[8] Under Claim 2 of his petition, Barillas specifically states that the trial court should have excluded the CSAAS evidence "because it was inadmissible evidence that only showed how a child reacts." Dkt. 1 at 5. The Court liberally construes Barillas's vague phrasing in his federal petition as his effort to pursue the same claim he raised on direct appeal—that expert testimony on the frequency of false allegations of child sexual abuse was inadmissible and prejudicial. *Compare* Dkt. 1 at 5, 10-11 *with Barillas*, 2020 WL 7395996, *1 & Dkt. 1, Ex. A at 23-27.

that the claim is potentially meritorious.  *See id.*

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss is **GRANTED**.  Dkt. 13.

2. No later than **twenty-eight (28) days** from the date of this Order, Barillas shall either: (1) file an amended petition that includes only his two exhausted claims (Claims 1 and 2) and strikes the remaining unexhausted Claim 3, or (2) file a request for a stay of this matter while he exhausts his unexhausted Claim 3 in state court.

3. If Barillas chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. 22-cv-02957-AMO (PR), as well as the words "FIRST AMENDED PETITION" on the first page.  Barillas shall not incorporate material from the original petition by reference.

4. If Barillas fails to file either an amended petition or a request for a stay as ordered herein by the twenty-eight-day deadline, the petition will be dismissed without prejudice to Barillas's later filing a new petition that contains only exhausted claims.  Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

5. John Merchant has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

6. This Order terminates Docket No. 13.

**IT IS SO ORDERED.**

Dated:  December 7, 2023

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**